Margaret G. FISHER, Plaintiff-Appellant,

· and

Paul R. Shuldiner, Appellant,

v.

Charles Perry KELLY, Defendant-Appellee.

No. 96–2595.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1996.

Decided Jan. 24, 1997.

did not claim race was a factor in Brach's decision.

Paul R. Shuldiner (argued), Chicago, IL, for plaintiff–appellant.

Jack M. Siegel, David H. Latham (argued), Altheimer & Gray, Chicago, IL, for defendant–appellee.

Before ESCHBACH, FLAUM, and KANNE, Circuit Judges.

ESCHBACH, Circuit Judge.

On July 4, 1994, Officer Charles Kelly arrested Margaret Fisher for disturbing the peace and interfering with a police officer during the performance of his duties. In response, Fisher filed suit against Officer

Kelly under 42 U.S.C. § 1983 and under state law, alleging use of excessive force, unreasonable search and seizure, battery and false arrest. Fisher and Kelly settled the suit following Kelly's Rule 68 offer of judgment for $7,500 plus costs. The district court awarded costs, but denied Fisher's motion for attorney's fees. Fisher appeals the denial of attorney's fees. The district court had jurisdiction pursuant to 28 U.S.C. § 1331; we have jurisdiction under 28 U.S.C. § 1291. We affirm.

## I.

On July 4, 1994, crowds gathered at the lakefront in Evanston to watch the annual fireworks display. That night, Fisher was among the crowd leaving the lakefront by way of the intersection of Burnham and Sheridan. At that intersection, Officer Kelly was assigned to direct both vehicular and pedestrian traffic. As Fisher began to cross the street, Officer Kelly attempted to stop her. An argument ensued which ended in Kelly physically bringing Fisher back to the curb, arresting her, handcuffing her, and having her taken to the police station. Fisher was charged with disorderly conduct and obstruction of a police officer during the performance of his duties. At the police station, she was issued a citation and released. The charges against Fisher were subsequently dismissed.

In February 1995, Fisher filed a civil rights action under 42 U.S.C. § 1983 against Officer Kelly alleging unreasonable search and seizure and use of excessive force. She also made state law claims of battery and false arrest. During a pretrial conference on November 8, 1995 the parties discussed settlement. Fisher demanded $80,000, and rejected Kelly's offer of $10,000. On November 17, Kelly followed this with a Rule 68 offer of judgment in the amount of "$7,500, together with costs accrued to date." In the offer of judgment, Kelly specifically disclaimed any admission of liability.[1] On De-

cember 5, Fisher accepted the offer, and moved the court for costs and attorney's fees.

The district court granted $120 in costs, but denied attorney's fees. The court noted that attorney's fees were available under 42 U.S.C. § 1988 because "Fisher is technically a prevailing party." However, it held that no amount of fees was reasonable because Fisher's victory was only "technical or de minimis." The court based its holding on the fact that Kelly settled the case merely for its "nuisance value." Fisher now appeals the denial of attorney's fees.

## II.

■■■ Officer Kelly's Rule 68 offer of judgment specifically included "costs." When the term "costs" is used in an offer of judgment, it is read to include all costs awardable under the relevant substantive statute, in this case 42 U.S.C. § 1988. *Marek v. Chesny*, 473 U.S. 1, 7–9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985). Under 42 U.S.C. § 1988(b), costs include attorney's fees, provided that plaintiff is a prevailing party.[2] Before addressing what a reasonable fee would be, the court must first determine if attorney's fees are available by deciding whether plaintiff is a "prevailing party." If a suit is settled, the question is complicated: the mere fact that plaintiff obtained some recovery does not automatically make her a prevailing party because defendants often settle even meritless lawsuits. See *Hooper v. Demco, Inc.*, 37 F.3d 287, 292 (7th Cir. 1994). Even if plaintiff is a prevailing party, the district court may deny attorney's fees— on the ground that no amount of fees would be reasonable—if plaintiff's recovery is merely technical or de minimis. *Farrar v. Hobby*, 506 U.S. 103, 114–16, 113 S.Ct. 566, 575, 121 L.Ed.2d 494 (1992); id. at 116–18, 113 S.Ct. at 576 (O'Connor, J., concurring); *Johnson v. Lafayette Fire Fighters Ass'n*, 51 F.3d 726, 731 (7th Cir.1995); *Cartwright v. Stamper*, 7 F.3d 106, 109 (7th Cir.1993). We review the

---

1. The offer of judgment states: "This offer is not to be construed as an admission that Defendant is liable in this action or that Plaintiff has suffered any damages."

2. 42 U.S.C. § 1988(b) states: "In any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

district court's determination of the amount of a reasonable fee for abuse of discretion. *Johnson*, 51 F.3d at 731.

In the instant case, the court held that plaintiff was a prevailing party, but denied fees because the recovery was only technical or de minimis. As explained below, we think the district court erred on both counts. However, because we hold that plaintiff was not a prevailing party, we affirm the district court's denial of attorney's fees.

█ This circuit has adopted a three-factor test to determine if relief is merely technical or de minimis: 1) the difference between the judgment recovered and the recovery sought; 2) the significance of the legal issue on which the plaintiff prevailed; and, 3) the public purpose served by the litigation. *Johnson*, 51 F.3d at 731; *Cartwright*, 7 F.3d at 109. The district court neither analyzed nor made any findings with regard to these factors. Consequently, the district court's findings do not support the conclusion that plaintiff's relief was only technical or de minimis. However, despite the district court's failure to apply the proper test to make this determination, we need not remand the case. A remand is not warranted where, as here, it would only "foster a new round of attorneys' fees litigation which we can readily avoid by simply deciding the issue here." *Cartwright*, 7 F.3d at 109. In the instant case, the district court's findings support the denial of attorney's fees on another ground: that plaintiff was not a prevailing party.

█ The district court's findings support the conclusion that plaintiff was not, in fact, a prevailing party. The crux of whether a party has prevailed for purposes of awarding attorney's fees is whether the party achieved success on the merits. *Farrar*, 506 U.S. at 109–11, 113 S.Ct. at 572. In other words, the party must have both received some kind of relief which changes the legal relationship between the parties, *id.* at 109–12, 113 S.Ct. at 572–73, and that relief must

have been obtained because of the potential merit of plaintiff's position. *Hill v. Richardson*, 7 F.3d 656, 658 (7th Cir.1993). This law has been encapsulated in a two-part test for determining prevailing party status when a case has settled: 1) whether the lawsuit was "causally linked to the relief obtained," *Gekas v. Attorney Registration and Disciplinary Comm'n*, 793 F.2d 846, 849 (7th Cir.1986); and, 2) whether the defendant acted gratuitously, that is, the lawsuit was "frivolous, unreasonable, or groundless." *Id.* at 850.

█ Plaintiff fails part two of this test. This Court has noted that "[t]he problem with claims that are settled is that there are reasons for parties to settle that are wholly unrelated to the substance and issues involved in the litigation. A suit may be groundless, and settled for its nuisance value, or settled by a party for wholly gratuitous reasons." *Hooper*, 37 F.3d at 292. This case presents just such a situation; the district court found that defendant settled merely for the nuisance value of the claim.

█ The court found that plaintiff's relief was not based on the merits of her claim.[3] Instead, it found that defendant Kelly "settled this case for its nuisance value" and not because he had done anything for which he was liable. Moreover, the offer of judgment specifically states that nothing therein should be taken as an admission of liability. See *Pigeaud v. McLaren*, 699 F.2d 401, 402 (7th Cir.1983) (holding that plaintiff cannot be considered a prevailing party because the offer of judgment specified that nothing therein "shall be construed as an admission of liability"). In denying Fisher's petition for reconsideration, the district court expanded on its reasons for concluding that Kelly settled solely to avoid the expense of litigation. The court explained that its conclusion was supported by the chronology of events. Initially, Fisher demanded $80,000 and rejected a $10,000 settlement offer. However, she later accepted a lesser amount when present-

---

3. Contrary to plaintiff's argument, the district court's findings were not based solely on statements made by defense counsel. See discussion, infra. For example, the district court witnessed the parties' settlement negotiations during the November pretrial conference. The district court's "familiarity with the parties and the proceedings" is the very reason we defer to the district court's findings of fact underlying the determination of whether plaintiff is a prevailing party. See *Gekas*, 793 F.2d at 850.

ed with the $7,500 offer of judgment, and the risk that she would be obligated to pay Kelly's costs if her judgment was less than the offer. Fed. R. Civ. Pro. 68. The court further noted that Fisher did not accept this offer until Kelly indicated that he planned to move for summary judgment. In sum, as the district court concluded, "[t]he Plaintiff has not shown that the settlement had anything to do with the underlying issues in the case." R. 17, Mar. 28, 1996, Mem. Op. at 4. These findings fully support the denial of attorney's fees, albeit on the ground that plaintiff was not a prevailing party.

### III.

For the reasons stated above, we affirm the district court's judgment.

AFFIRMED.