Dora CLEARY, Bobbie Johnson,
Shirley Hooker, and Francis
Dumas, Plaintiffs,

v.

John MARTINO, individually and d/b/a
Bailey House B & B, Defendants.

Civil Action No. 96–C–588.

United States District Court,
E.D. Wisconsin.

Nov. 19, 1997.

**640**

James T. Harrison, Harrison Law Offices, Woodstock, IL, for Plaintiff.

Molly C. Feldbruegge, Johnson & Murray, Milwaukee, WI, for Defendant.

### DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES

REYNOLDS, District Judge.

Despite the fact that the court sought to avoid the particular quandary at bar by requiring the parties to jointly draft a judgment in this action, the parties now require the court to rule on what was intended by that judgment. In this civil rights lawsuit, the plaintiffs allege that they were denied lodging by the defendants because of the plaintiffs' race. On September 19, 1997, this court entered a stipulated judgment in favor of the plaintiffs and against the defendants, pursuant to Fed.R.Civ.P.68, "for the sum of Two Thousand Dollars ($2,000.00), together with the taxable costs and disbursements now accrued." Presently before the court is the plaintiffs' motion for attorney fees to which they claim an entitlement under the judgment. The defendants disagree. The court finds that the plaintiffs are entitled to reasonable attorney fees in the amount of $7650.00.

Rule 68 of the Federal Rules of Civil Procedure provides in part that

> [a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, *with costs then accrued.* If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. (emphasis added).

■ "Costs" as used above include those items allowed by the relevant substantive statute, in this case 42 U.S.C. § 1988. *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); *Fisher v. Kelly,* 105 F.3d 350 (7th Cir.1997). Therefore, because the parties failed to address this issue in their draft judgment, the court must analyze the propriety of an award of attorney fees under sec.1988.

■ In a civil rights suit, the "prevailing party" is entitled to an award of reasonable attorney fees. 42 U.S.C. § 1988; *Hyde v. Small,* 123 F.3d 583 (7th Cir.1997). "Prevailing" means success on the merits. *Fisher,* 105 F.3d 350 (7th Cir.1997). The courts have developed a two-part analysis to elucidate whether a party has prevailed by virtue of a settlement, or here a stipulated judgment. The first step is to determine whether the lawsuit is causally linked to the relief obtained. The second step is to determine

whether the defendants' settlement was gratuitous, or whether the defendant settled merely to avoid the burden of litigation. *Id.; but cf. Simpson v. Sheahan,* 104 F.3d 998 (7th Cir.1997) ("A judgment for damages in any amount, whether compensatory or nominal, confers prevailing-party status on a plaintiff").

 As for the first question, the damages provided for by the judgment in this action are linked exclusively to the claims in this action. The second aspect of this analysis creates a problem. The court is required to discern why a defendant settled the lawsuit. Not surprisingly, the attorney for defendants in this case vigorously insists that her clients settled only to avoid the nuisance of the suit. Given the peculiar analysis at hand, such an affidavit is an understandable step. Setting aside the obvious hearsay and personal knowledge problems created when counsel testifies as to her clients' motivations, the affidavit is no more persuasive than a plaintiff's contradictory assertion that a defendant has settled for fear of a significant jury verdict and in guilt over a grievous wrong done the plaintiff. Further, the important function sec. 1988 serves would be dramatically altered if losing defendants could escape liability for attorney fees by way of a pro forma affidavit. The court is also leery of according much weight to the history of settlement negotiations between the parties out of concern for distorting the settlement process by requiring lawyers to look to post-judgment motion practice while attempting to reach settlement. Alternatively, it seems counterproductive to accord new importance to historical acts undertaken for unrelated strategic purposes.

The court begins with the premise that a judgment in favor of one and adverse to another party means that the judgment holder has "prevailed" on the merits of the lawsuit. *See Simpson,* 104 F.3d at 1001. A Fed.R.Civ.P. 68 judgment is a judgment, same as any other. Nothing in this case suggests otherwise. A plaintiff may prevail, within the meaning of sec. 1988, without establishing new law or garnering a large money judgment. *Hyde v. Small,* 123 F.3d 583 (7th Cir.1997). Any similarity between the terms of settlement and the relief originally sought by a plaintiff would be helpful evidence. But the same cannot generally be said of dissimilarity. To say that a plaintiff has not prevailed because the complaint asked for the moon would be to ignore litigation standard practice. This case arose under a federal statute; the amount in controversy was not a jurisdictional issue nor did it bear any serious legal significance at the time the plaintiffs filed their complaint. To retroactively accord this figure the importance the defendants urge would be a raw fiction.

The court is left with little probative evidence about whether this lawsuit was settled gratuitously. The defendants' reliance on *Fisher v. Kelly,* 105 F.3d 350 (7th Cir.1997) demonstrates an interesting contrast. In that case, the defendants' offer of judgment stated: "This offer is not to be construed as an admission that Defendant is liable in this action or that Plaintiff has suffered any damages." *Id.* at 352 n. 1. Thus, the *Fisher* court had the benefit of highly probative evidence that the suit was settled for reasons other than those going to the merits.

In the case at bar, however, despite the opportunity to do so, the defendants failed to disclaim Fed.R.Civ.P. 68's provision for attorney fees in their offer of judgment or in the jointly drafted judgment itself. The importance of this is underscored by the fact that plaintiffs' acceptance of the offer, filed September 8, 1997, explicitly expressed the understanding that "costs" included attorney fees. The defendants had ample opportunity to counter this understanding in the body of the judgment and failed to do so. The court, therefore, finds that the judgment in this case operates typically—as a judgment on the substantive merits in favor of the plaintiffs and adverse to the defendants. Plaintiffs are entitled to reasonable attorney fees under sec.1988.

 The determination of reasonable fees begins with multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Simpson v. Sheahan,* 104 F.3d 998 (7th Cir.1997); *Dunning v. Simmons Airlines,* 62 F.3d 863 (7th Cir.1995). There is a strong presumption that the resulting figure represents appropri-

ate attorney fees. *Dunning,* 62 F.3d at 872–73 n. 12 (*quoting Blanchard v. Bergeron,* 489 U.S. 87, 95, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989)).

Plaintiffs' counsel claims that his firm expended 77.75 hours litigating this action, broken down as follows: Attorney A—6 hours @ $150/hr.; Attorney B—28 hours @ $125/hr.; Attorney C 1.75 hours @ $125/hr.; Paralegal 37.25 hour at $75/hr; and Investigator 4.75 hours @ $50/hr. The total comes to $7650.00. While the defendants concede the reasonableness of plaintiffs' counsel's hourly rates, the defendants do take issue with the number of hours claimed.

However, the defendants merely recount the history of the case and make the generalized assertion that this case should not have required the hours the plaintiffs' counsel expended. Having reviewed the documentation submitted by plaintiffs' counsel, the court finds nothing facially unreasonable with the number of hours claimed. Therefore, the court finds that $7650.00 is a presumptively reasonable attorney fee for this case.

Having ascertained this "lodestar" figure, the court must inquire as to whether it should be adjusted. *Id.* The defendants urge a reduction based on the fact that while the original complaint sought in excess of fifty thousand dollars in damages, the ultimate settlement amounted to five hundred dollars per plaintiff. The Seventh Circuit rejects the idea of mechanically linking fees and damages in some proportion. *Dunning,* 62 F.3d at 873.

The defendants argue that the fee award should be reduced because the judgment in this case is nominal, a position with some support in the case law. But, in the context of a settlement or a stipulated judgment, the notion of "nominal damages" presents a problem of its own. When a jury finds for a plaintiff, yet returns a damages verdict of one dollar, the damages are said to be "nominal." *See Hyde,* 123 F.3d at 584. In such a case, the verdict evidences that the jury has handed plaintiff only an empty or "technical" victory. Settlement or stipulation deprives the court of this input as to a plaintiff's victory. This is to say that "nominal" is not a synonym for modest damages, and the court simply has no basis on which to conclude that the defendants' offer of judgment provided only a "nominal" victory. *See id.* at 586 (discussing the difficulty of defining "nominal," i.e. "the equivalent of losing").

Declaring a settlement nominal only because it is substantially less than the damages prayed for in the complaint would distort both the process of settlement and the economics by which sec. 1988 ensures that market forces will not leave violations of civil rights unexposed. In retroactively according the complaint's prayer dispositive importance in a fee petition following settlement, the court would be introducing significant uncertainty into counsel's decisions on whether to accept civil rights cases, how to draft the complaint, and how to structure settlement negotiations. For example, a complaint is drafted before counsel may know the nuances of evidence in a case, i.e., before discovery. Therefore, counsel's complaint preserves a damages demand that counsel is sure, at that stage, will not sell the client's claim short.

Defendants' arguments in this case would place attorneys on notice that, in civil rights cases, should discovery reveal damages significantly lower than originally demanded, the attorney may well end up working for free even on a meritorious suit. Section 1988 requires an attorney to win in order to get paid. Turning this premise into a game of roulette whereby an attorney wins his client's case but does not get paid because discovery reveals that the defendants' violation of law did not cause damages equal to those predicted in the original complaint, would utterly defeat the purpose of sec. 1988. Section 1988 assures attorneys that if they assist in the vindication of civil rights, they will be paid. The exception to this rule, that occasionally "victory" is not "vindication," cannot be permitted to swallow the rule.

The documentation that the plaintiffs have provided indicate a reasonable amount of work at reasonable rates. The plaintiffs' motion for attorney fees in the amount of $7,650.00 is **GRANTED.**

**SO ORDERED.**