**Todd G. FLETCHER, Plaintiff,**

v.

**J. SCHILT, et al., Defendants,**

and

**Michael JOHNSON, Plaintiff,**

v.

**Gary HAMILTON, Fort Wayne Police Officer, Defendant.**

**Nos. 1:97CV0057, 1:97CV0385.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

March 17, 1998.

Thomas K. Cumbrous, Fort Wayne, IN, for mediator.

Christopher C. Years, Myers and Geisleman, Dennis H. Geisleman, Myers and Geisleman, Fort Wayne, IN, for plaintiffs.

J. Timothy McCaulay, Helmke Beams Boyer and Wagner, Fort Wayne, IN, for defendants.

## ORDER

LEE, Chief Judge.

These cases have been combined because they are similar in background and raise the same issues.

On February 10, 1997, Plaintiff, Todd G. Fletcher, filed a complaint against Defendants, J. Schilt and other Fort Wayne Police Officers, under 42 U.S.C. § 1983. On July 18, 1997, Defendants made an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Plaintiff accepted the Offer, and the Court granted Judgment plus attorney's fees to Plaintiff. Defendants, however, filed a motion to amend judgment, requesting that attorney's fees be deleted. Defendants contend that Plaintiff is not entitled to attorney's fees because Plaintiff is not a "prevailing party." On August 13, 1997, the Court ordered briefing on Plaintiff's status as a prevailing party. After the issue was fully briefed, the Court held an evidentiary hearing on the prevailing party issue, September 12, 1997. Before that issue was addressed, the Court found there was no meeting of the minds on the Offer of Judgment, set aside the acceptance of the offer, and vacated judgment. The Court ordered additional briefing on the issue of whether the Offer of Judgment was competent. That issue was also fully briefed and a further hearing was held on November 26, 1997. The parties agreed that it was a competent offer. The Court then provided the Plaintiff with 20 days in which to decide whether or not to accept the Defendants' Offer of Judgment. On December 16, 1998, Plaintiff accepted, and Judgment was entered against Defendants the following day. The Court held a final hearing on February 6, 1998, to discuss the prevailing party issue and whether Plaintiff is entitled to fees after July 18, 1997, the date on which the Offer of Judgment was tendered.

On October 10, 1997, Plaintiff, Michael Johnson, filed a motion to proceed *in forma pauperis* ["IFP"], that is, without prepayment of fees, with a proposed complaint under 42 U.S.C. § 1983. On December 19, 1997, Defendant made an Offer of Judgment pursuant to Rule 68, which Plaintiff accepted on December 23, 1997. On the 29th of December, Judgment was entered in favor of Plaintiff. On January 12, 1998, Plaintiff filed a Motion and Affirmation in Support of Attorney's Fees, to which Defendant responded in opposition on January 23, 1998. Plaintiff replied on February 5. On February 6, 1998, the Court heard the parties' arguments in this case, along with *Fletcher*, on the issues of prevailing party status and the date to which Plaintiff is entitled to attorney's fees.

## DISCUSSION

Fletcher v. Schilt

Background

Plaintiff claims that Defendants violated his civil rights on February 10, 1995. Complaint, ¶ 3. He alleges that a police car rushed up behind his vehicle and pulled him over. *Id.* at ¶ 4. The officer allegedly searched Plaintiff and his car without Plaintiff's consent. *Id.* at ¶ 3(c). Officers allegedly placed Plaintiff in a police car when he protested. *Id.* at ¶ 3(e). Plaintiff then broke the plexiglass in the police car. *Id.* at ¶ 3(f). Plaintiff claims Defendants then dragged Plaintiff out of the car, threw him on the ground, jumped on him, kneeing him in the back, and pushed his face in the gravel. *Id.* at ¶ 3(g)-(h).

The Offer of Judgment

Defendants' Offer of Judgment stated the following:

Come now the Defendants, by counsel, and pursuant to Rule 68 of the Federal Rules of Civil Procedure, offer judgment in the amount of $5,000.00, plus costs accrued to the date of this offer.

This offer is not to be construed as an admission that the Defendants are liable in

this action or that Plaintiff suffered any damages.

It appears that Defendants modeled their Offer of Judgment after that found in *Fisher v. Kelly*, 105 F.3d 350, 352 (7th Cir.1997). The Offer in the present case was made, "plus costs accrued to the date of this offer," and the Offer in *Fisher* was made, "together with costs accrued to date." *Id.* Defendants' Offer in the case *sub judice* disclaimed liability in language identical to that of the Offer in *Fisher:* "This offer is not to be construed as an admission that Defendant is liable in this action or that Plaintiff has suffered any damages." *Id.* Defendants clearly wish to avail themselves of the *Fisher* decision in which the Plaintiff was denied attorney's fees because she was found to lack prevailing party status.

According to *Marek v. Chesny*, 473 U.S. 1, 7, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985), "as long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid." The Court observes that Defendants' Offer includes the phrase, "plus costs." Because the Offer includes rather than excludes costs, it is a valid Offer of Judgment. *Marek* also provides guidance on how to interpret what "costs" mean: "[T]he most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Id.* at 9, 105 S.Ct. at 3016. The underlying statute, then, determines the meaning of "costs" in a given Offer of Judgment. In this case, the relevant statute is 42 U.S.C. § 1988, which states:

> In any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs....

42 U.S.C. § 1988(b). In a section 1983 action, such as this, the court has the discretion to allow the prevailing party a reasonable attorney's fee as part of the costs. Before the court can determine what a reasonable attorney's fee should be, it must determine whether the Plaintiff is the prevailing party. *Fisher v. Kelly*, 105 F.3d at 352.

The Prevailing Party Issue

In *Simpson v. Sheahan*, 104 F.3d 998, 1001 (7th Cir.1997), the Seventh Circuit stated that "[a] judgment for damages in any amount, whether compensatory or nominal, confers prevailing-party status on a plaintiff" (*citing Farrar v. Hobby*, 506 U.S. 103, 113, 113 S.Ct. 566, 574, 121 L.Ed. 2d 494, 504 (1992)). But in *Fisher*, The Seventh Circuit observed, "If a suit is settled, the question [of whether plaintiff is the prevailing party] is complicated: the mere fact that plaintiff obtained some recovery does not automatically make her a prevailing party because defendants often settle even meritless lawsuits." *Fisher*, 105 F.3d at 352. *Fisher* cites *Hooper v. Demco, Inc.*, 37 F.3d 287, 292 (7th Cir. 1994), for this proposition. *Hooper*, however, involved a settlement agreement. In a settlement agreement, there is no judgment, and therefore no presumptive prevailing party. However, some time ago, the Seventh Circuit decided that when an Offer of Judgment specifies that nothing therein "shall be construed as an admission of liability," the Plaintiff who accepts the Offer is not presumed to be the prevailing party. *Pigeaud v. McLaren*, 699 F.2d 401, 402 (7th Cir.1983). As noted above, *Fisher*, like the case *sub judice*, involved an Offer of Judgment in which the Defendant expressly disclaimed any admission of liability.

Plaintiff claims that in *Fisher*, the Seventh Circuit applied the three-factor test to determine whether relief was merely technical or de minimis before finding that Plaintiff was not a prevailing party. *Memorandum in Support of Plaintiff's Attorney Fee Position*, at 3. To determine if an award is de minimis, a court should examine the following:

1) the difference between the judgment recovered and the recovery sought;

2) the significance of the legal issue on which the plaintiff prevailed; and

3) the public purpose served by the litigation.

*Fisher*, 105 F.3d at 353; *Johnson v. Lafayette Fire Fighters Ass'n Local 472, Intern. Ass'n of Fire Fighters, AFL–CIO–CLC*, 51 F.3d 726, 731 (7th Cir.1995); *Cartwright v. Stamper*, 7 F.3d 106, 109 (7th Cir.1993). In

*Fisher*, however, the Seventh Circuit did not, as Plaintiff suggests, apply this three-factor de minimis test. Rather, the Circuit Court discussed the three-factor test only to point out that the district court did not apply this analysis, a failure which rendered unsupported the district court's decision to deny attorney's fees on the basis that plaintiff's relief was only technical or de minimis. *Fisher*, 105 F.3d at 353. The Seventh Circuit, however, concluded it did not have to remand the case because the district court's findings supported denial of attorney's fees on another ground, the ground that plaintiff was not a prevailing party. *Id.*

"The crux of whether a party has prevailed for purposes of awarding attorney's fees is whether the party achieved success on the merits." *Fisher*, 105 F.3d at 353; *Farrar v. Hobby*, 506 U.S. 103, 109–111, 113 S.Ct. 566, 571–73, 121 L.Ed.2d 494 (1992). A two-part test determines this issue:

1) whether the lawsuit was "causally linked to the relief obtained"; and

2) whether the defendant acted gratuitously, that is, the lawsuit was "frivolous, unreasonable, or groundless."

*Fisher*, 105 F.3d at 353; *Gekas v. Attorney Registration and Disciplinary Comm'n of Supreme Court of Illinois*, 793 F.2d 846, 849–50 (7th Cir.1986). The Appeals Court proceeded to apply this two-part test to determine whether plaintiff was the prevailing party. *Id.*, at 353–54.

In *Fisher*, the Appeals Court found the plaintiff failed the second part of the test. *Id.* It found the relief was not based on the merits because the district court found that the defendant had settled the case for its nuisance value and not because he had done anything for which he was liable. *Id.* Moreover, the offer of judgment specifically stated that nothing therein should be taken as an admission of liability. *Id.; Pigeaud*, 699 F.2d at 402.

In support of the district court's finding that the case had been settled for its nuisance value and not on the merits, the Ap-

peals Court cited the district court's recitation of the chronology of events. The Plaintiff demanded $80,000, rejected a $10,000 settlement offer, but later accepted an Offer of Judgment for $7,500 when faced with the risk of being obligated to pay Defendant's costs if the award from the trial was less than that of the Offer.[1] At 353–54. Also, the *Fisher* Plaintiff did not accept the Offer until the Defendant indicated that he planned to move for summary judgment. At 354. These facts, then, showed that the Defendant settled a frivolous case gratuitously, supporting the district court's denial of attorney's fees, not on the basis that the relief was de minimis, but on the basis that Plaintiff was not the prevailing party.

*Fisher* does not indicate which of the factors of the chronology carry the most weight in determining whether a claim that is settled by an Offer of Judgment is frivolous. District courts that have cited *Fisher* have differed on the factors to which they attach importance. In *Garst v. Brown*, 1997 WL 94733, *1 (N.D.Ill.), for example, the court distinguished *Fisher* because the Offer of Judgment in *Garst* lacked a disclaimer of liability similar to that found in *Fisher*. The court in *Foster v. Kings Park Cent. School Dist.*, 174 F.R.D. 19, 26 (E.D.N.Y.1997), distinguished *Fisher* because, unlike *Fisher*, there had been no rejection of a higher settlement award before the acceptance of the Offer of Judgment award. In *Connolly v. National School Bus Service, Inc.*, 992 F.Supp. 1032 (N.D.Ill.1998), *Fisher* was distinguished because the defendant had filed a Motion for Summary Judgment before making the Offer of Judgment, which did not happen in *Fisher*.

In deciding whether a claim underlying an Offer of Judgment was settled gratuitously, this Court places importance on two factors which occur in *Fisher*. The first is the Defendants' disclaimer of liability in the Offer of Judgment. This Court agrees with *Cleary v. Martino*, 982 F.Supp. 639, 641 (E.D.Wis. 1997), that such a disclaimer is probative evidence that a Defendant did not settle the

---

1. Federal Rules of Civil Procedure 68 provides: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

case on its merits.[2] Prevailing party status, however, is not denied a Plaintiff on the sole basis of Defendant's disclaimer.[3] In combination with the disclaimer, the second factor this Court considers significant is the difference between the Plaintiff's demand and the judgment award. A Plaintiff who accepts an Offer of Judgment in which Defendant denies liability and offers an award that is only a small fraction of what the Plaintiff has demanded is indicating that he considers the risk substantial that a trial will result in an award that will be no greater, in which case the Plaintiff will have to pay Defendant's attorney's fees. By accepting the modest award, the Plaintiff, then, is acceding to a nuisance settlement by which Defendant intends to cut off expenses rather than settle on the merits.

The application of the relief demanded vs. relief obtained factor to the prevailing party issue in Offer of Judgment situations will likely cause civil rights plaintiffs to reduce their demands so as to avoid losing prevailing party status (along with attorney's fees) when accepting Offers of Judgment that provide comparatively small recoveries. The effect would be similar to that which the Seventh Circuit appears to approve in regard to jury awards. "When a civil rights litigant aims small and obtains an amount that is significant in relation to that aim (it need not reach the target), he is prima facie entitled to an award of fees even if the case establishes no precedent." *Hyde v. Small,* 123 F.3d 583, 585 (7th Cir.1997). However, when a plaintiff aims high and falls far short, "in the process inflicting heavy costs on his opponent and wasting the time of the court," then

attorney's fees may be denied. *Id. Hyde* approvingly cites the result in *Fisher* as comparable to what occurs when a de minimis judgment bars the award of attorney's fees. *Id.* at 584.[4]

In summary, then, to determine whether a Plaintiff is the prevailing party in cases where Plaintiff has accepted an Offer of Judgment, the Court applies the two-part prevailing party test which consists of determining: 1) whether the lawsuit is causally linked to the relief obtained, and 2) whether the Defendant acted gratuitously in settling the suit. To determine whether the Defendant acted gratuitously, the Court may consider the following factors: 1) whether the Defendant has disclaimed liability in the Offer, and 2) the difference between the relief demanded and the relief obtained. There may be other factors that a Court can take into account in determining whether the lawsuit was frivolous.

The Prevailing Party in Fletcher v. Schilt

▮ The Court now proceeds to apply the two-part prevailing party test to the current case. As in *Fisher,* this accepted Offer of Judgment passes the first part of the prevailing party test. It was in response to Plaintiff's lawsuit that Defendants offered to pay Plaintiff $5,000 plus costs in an Offer of Judgment. Plaintiff accepted the Offer. The relief obtained is causally linked to the lawsuit, i.e., the Defendant would not have offered this judgment were it not for the lawsuit.

In evaluating the second part of the prevailing party test, the Court first observes that the Defendants, like the Defendant in *Fisher,* disclaimed liability in the Offer of

---

2. *Cleary,* 982 F.Supp. at 641, states: "In [*Fisher*] the defendants' offer of judgment stated: 'This offer is not to be construed as an admission that Defendant is liable in this action or that Plaintiff has suffered any damages.' Thus, the Fisher court had the benefit of highly probative evidence that the suit was settled for reasons other than those going to the merits."

3. In *Foster v. Kings Park Central School District,* 174 F.R.D. 19, 26 (E.D.N.Y.1997), the Court noted that the mere fact that an offer of judgment contains a disclaimer of liability will not necessarily insulate the Defendant against a motion for attorney's fees (*citing Stefan v. Laurenitis,* 889 F.2d 363 (1st Cir.1989)).

4. However, *cf. Cleary,* 982 F.Supp. at 641: "The court is ... leery of according much weight to the history of settlement negotiations between the parties out of concern for distorting the settlement process by requiring lawyers to look to post-judgment practice while attempting to reach settlement." And later, "To say that a plaintiff has not prevailed because the complaint asked for the moon would be to ignore litigation standard practice.... To retroactively accord this figure [the amount in controversy] the importance the defendants urge would be a raw fiction."

Judgment, indicating thereby that they did not settle on the merits, but rather to avoid expenses of further litigation. The Court then considers the chronology of the case at hand. On June 25, 1997, Plaintiff made a demand of $150,000 (Defendants' Memorandum on Plaintiff's "Prevailing Party" Status, 2); on that same day, Defendants made a settlement offer of $500 (Plaintiff's Motion and Affirmation in Support of Motion for Attorney's Fees, Ex. A(2)); on July 18, 1997, Defendants tendered an Offer of Judgment for $5,000 which disclaimed liability (Defendants' Memorandum at 2); on July 29, 1997, Plaintiff accepted (*id.* at 3).

Plaintiff accepted $5,000 for damages after demanding $150,000. The difference between what the Plaintiff demanded and what he accepted, $150,000 vs. $5,000, is proportionally far greater than the difference in the *Fisher* case, $80,000 vs. $7,500. The present case, then, provides even stronger evidence that the claim was settled for its nuisance value, and the relief obtained had nothing to do with the underlying issues in the case.

Plaintiff's attorney states that the recovery sought was actually $7,500, not $150,000, and he provides a "New Case Memo," dated January 31, 1996, to substantiate this. Plaintiff's Memorandum in Support of Plaintiff's Attorney Fee Position, 3 and attached Memo. Plaintiff's attorney acknowledges that he demanded $150,000, but states that he made a demand higher than Plaintiff would have authorized because he could not contact Plaintiff at the time he was obligated to make a demand in writing to opposing counsel. Plaintiff's Memorandum at 3.

Defendants point out that there is no evidence Plaintiff ever communicated the more modest value of the claim prior to being presented with the $5,000 Offer of Judgment and with it the prospect of having to pay Defendants' fees should the trial award be the same or less. At 6–8. Because of this, Plaintiff's New Case Memo reveals little more than did his acceptance of the modest

award in the Offer of Judgment: that Plaintiff valued the lawsuit at a small fraction of what he demanded. But when Defendants made the Offer of Judgment, the only knowledge they had of how Plaintiff evaluated the case was the $150,000 demand. It was in response to that high demand that the Defendants made the gratuitous settlement which included the Offer of Judgment for $5,000 and the disclaimer of liability. The demand, then, rather than Plaintiff's Memo, should determine the amount of recovery sought by Plaintiff. Furthermore, the Court does not wish to create a mechanism whereby plaintiffs can insure they will have prevailing party status by generating a document with a low estimate of a case's value (regardless of what the demand may be) that will turn up if and when a low Offer of Judgment is accepted.

The Plaintiff in this case, like the Plaintiff in *Fisher*, fails the second part of the two-part prevailing party test. In making the Offer of Judgment, the Defendants acted gratuitously. The court finds that the Plaintiff was not the prevailing party and therefore is not entitled to attorney's fees. Because Plaintiff is not entitled to attorney's fees, the issue of whether Plaintiff is entitled to attorney's fees after the date of the Offer of Judgment is rendered moot. The Court, then, does not reach this issue.

In their Offer of Judgment, Defendants conceded to Plaintiff "costs." These costs do not include attorney's fees; however, they do include other costs of litigation. Plaintiff has submitted a Bill of Costs amounting to $174.60 to which he is entitled.[5]

## Johnson v. Hamilton

### Background

Plaintiff claims that on May 5, 1996, Defendant violated his civil rights by using excessive and unlawful force in stopping, tackling, choking, and arresting the Plaintiff. Complaint, ¶ 3.

---

5. In Plaintiff's original statement of expenses and fees, Plaintiff claimed $188.36 in expenses. Plaintiff's Motion and Affirmation in Support of Motion for Attorney's Fees, Ex. C, p. 4. In a letter dated August 1, 1997, Defendants indicated the City would agree to pay on $171.07 of these costs. *Id.*, Ex. B, p. 2. On December 31, 1997, Plaintiff filed a Bill of Costs for $174.60 to which Defendants filed no objections. This amount was taxed in the Office of the Clerk on January 21, 1998.

Discussion

 The *Johnson* case provides a procedural background very similar to that of *Fletcher*. The Offer of Judgment tendered by Defendant is modeled after the Offer made in *Fisher*.

> Comes now the Defendant, by counsel, and pursuant to Rule 68 of the Federal Rules of Civil Procedure, offer [sic] judgment in the amount of $2,500.00, plus costs accrued to the date of this offer.
>
> This offer is not to be construed as an admission that the Defendant is liable in this action or that Plaintiff suffered any damages.

In *Johnson*, Plaintiff made a demand upon Defendant for $30,000, December 5, 1997. Plaintiff's Motion and Affirmation in Support of Motion for Attorney's Fees, ¶ 3. On December 18, 1997, Defendant tendered an Offer of Judgment for $2,500 plus costs, which disclaimed liability. Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees, 1. On December 23, 1997, Plaintiff accepted. *Id.* As in *Fisher* and *Fletcher*, Plaintiff's award was less than a tenth of what Plaintiff originally demanded, one-twelfth to be precise.

The Court applies the same two-part test to determine whether Plaintiff is the prevailing party:

> 1) whether the lawsuit was "causally linked to the relief obtained"; and
> 2) whether the defendant acted gratuitously, that is, the lawsuit was "frivolous, unreasonable, or groundless."

*Fisher*, 105 F.3d at 353. In *Johnson*, Plaintiff passes the first part of this test, since the relief was obtained on account of the lawsuit, and so is causally linked to the lawsuit. However, Plaintiff, like the *Fisher* and *Fletcher* plaintiffs, fails the second part of this test. Defendant disclaims liability in this case, and Plaintiff has fallen far short of his original demand, indicating that the Defendant acted gratuitously and did not settle the case on its merits. This means that

Plaintiff lacks the status of prevailing party in this judgment and is not entitled to attorney's fees. As in the case of *Fletcher*, there is no need for the Court to reach the issue of whether Plaintiff's costs are cut off by the date of the Offer of Judgment, since Plaintiff, lacking prevailing party status, may not recover any attorney's fees before or after Defendant's extension of the Rule 68 Offer.

As in *Fletcher* above, Defendant conceded "costs" to the Plaintiff in the Offer of Judgment. These costs include the costs of litigation other than attorney's fees. Plaintiff has submitted a Bill of Costs and litigation related expenses amounting to $255.38 to which he is entitled.[6]

### CONCLUSION

In *Fletcher v. Schilt*, the Court FINDS that Plaintiff was not the prevailing party, and DENIES attorney fees to the Plaintiff. The Court GRANTS Plaintiff other costs amounting to $174.60.

In *Johnson v. Hamilton*, the Court FINDS that Plaintiff is not the prevailing party, and DENIES attorney fees to the Plaintiff. The Court GRANTS Plaintiff other costs amounting to $255.38.

---

6. On January 13, 1998, Plaintiff filed a Bill of Costs in the amount of $236.85. These costs were taxed against the Defendant on January 23, 1998. In Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorney Fees, at 11, Defendant objects to certain expense items in Plaintiff's Statement which duplicate items in the Bill of Costs. Defendant's objections seem to be well taken. This reduces Plaintiff's litigation related expenses to $18.53, which, added to the amount in the Bill of Costs, gives the figure, $255.38.