**Adolph PIGEAUD, Plaintiff-Appellant,**

v.

**Robert McLAREN, et al.,
Defendants-Appellees.**

**No. 82–1736.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 8, 1982.

Decided Feb. 4, 1983.

Rehearing Denied March 7, 1983.

Ronald Futterman, Chicago, Ill., for plaintiff-appellant.

James R. Schirott, Samelson, Knicker-bocker & Schirott, Des Plaines, Ill., for de-fendants-appellees.

Before CUMMINGS, Chief Judge, BAUER, Circuit Judge, and GRANT,* Sen-ior District Judge.

CUMMINGS, Chief Judge.

Plaintiffs filed this class action against Robert McLaren, assistant state's attorney in charge of DuPage County, Illinois, tax administration; Downers Grove Township; DuPage County; and other Illinois officials involved in real property tax assessing. The complaint was brought under 42 U.S.C.

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

§§ 1983 and 1985 and asserted that defendants subjected the five plaintiff homeowners to an illegal assessment classification scheme. Count I sought a declaration that the Illinois statutory scheme relative to the assessing process of *ad valorem* property taxes was discriminatory and unfair. The remaining three counts sought damages from the defendants.

On December 13, 1978, defendant McLaren made an Offer of Judgment under Rule 68 of the Federal Rules of Civil Procedure [1] in the amount of $1.00. In pertinent part the Offer provided:

> Now Comes the Defendant, Robert McLaren, by and through one of his attorneys, James R. Schirott, and, pursuant to F.R.Civ.P. 68, offers to have judgment taken against him in the amount of One And No 100 ($1.00) Dollars, plus all costs and expenses provided for in said statutory provision.
>
> Nothing in this Offer shall be construed as an admission of liability. To the contrary, this Offer is made in the interest of judicial economy to the Court, the parties, and their attorneys.

Plaintiffs' motion to extend the time for answering the Offer was granted by the district judge. Plaintiff Pigeaud also sought to have the Offer modified by striking the above-quoted second paragraph but the district court refused to do so.

On March 20, 1981, Pigeaud unconditionally accepted defendant McLaren's Offer of Judgment, and in a June 26, 1981, memorandum opinion the district court granted Pigeaud's motion for entry of judgment against McLaren pursuant to Rule 68 without determining whether the judgment would entitle Pigeaud to reasonable attorney's fees.

On September 23, 1981, the district court filed a second memorandum opinion granting Pigeaud's motion for entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure but denying his request for inclusion of attorney's fees as part of the "costs" specified in Rule 68. 92 F.R.D. 754. Pigeaud has appealed from the denial of attorney's fees. We affirm.

## I

First of all Pigeaud argues that he was entitled to attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976. While 42 U.S.C. § 1988 does permit the court in its discretion to allow "the prevailing party * * * a reasonable attorney's fee as part of the costs," Pigeaud cannot be considered a prevailing party because the second paragraph of the Offer of Judgment provided that nothing in the Offer "shall be construed as an admission of liability." Moreover, Pigeaud established no success on the merits, so that he was not entitled to attorney's fees under that provision. *Hanrahan v. Hampton,* 446 U.S. 754, 756–759, 100 S.Ct. 1987, 1988–1990, 64 L.Ed.2d 670; see *Muscare v. Quinn,* 680 F.2d 42, 44–45 (7th Cir.1982). Since Pigeaud received none of the relief sought in his complaint, he cannot recover attorney's fees under Section 1988.[2] *Powe v. City of Chicago,* 664 F.2d 639, 652 (7th Cir.1981).

---

1. Rule 68 provides:

   "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer *with costs then accrued.* If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judg-

ment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability." (Emphasis supplied.)

2. Pigeaud argued that he could not have prevailed through litigation to any greater extent

## II

■ Alternatively Pigeaud argues that he is entitled to attorney's fees as part of his "costs" under Rule 68. But when the draftsmen of the Federal Rules of Civil Procedure wished to include attorney's fees, they have been specifically mentioned. See, e.g., Rules 30(g), 37(a)(4), 37(d) and 56(g). Similarly, the definition of "costs" in Rule 54(d) does not include attorney's fees. See 6 Moore's Federal Practice, ¶¶ 54.70[1] and 54.77[2]; *White v. New Hampshire Dept. of Employment Sec.*, 629 F.2d 697, 702–703 (1st Cir.1980), reversed on other grounds, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325. As Judge Shadur pointed out in his second opinion, Pigeaud was able to supply no cases awarding a prevailing party a reasonable attorney's fee as part of the costs unless the defendant's offer specifically included attorney's fees or the governing statutes so provided. The district court also noted "the universal American Rule that 'costs' do not embrace attorneys' fees unless expressly provided for * * *." 92 F.R.D. at 757.

Except for a quotation from Justice Powell's separate "concurred in the result" opinion in *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 363, 101 S.Ct. 1146, 1155, 67 L.Ed.2d 287, plaintiff has unearthed no truly supporting authorities. Since Justice Powell was alone in his view that Rule 68's reference to costs includes a reasonable attorney fee,[3] his view is not controlling. If Pigeaud had wished to obtain reasonable attorney's fees before accepting the Offer of Judgment, he should have insisted that McLaren so provide in the Offer instead of unconditionally accepting the Offer whose text referred only to "costs and expenses provided for" in Rule 68.

In *Cruz v. Pacific American Insurance Corp.*, 337 F.2d 746 (9th Cir.1964), an offer of judgment was made by a defendant pursuant to Rule 68 offering to allow judgment to be taken against it for a certain amount "and for the necessary costs expended in this action by the plaintiffs." The court noted that, as here, the offer of judgment did not refer to attorney's fees and therefore required the trial judge to deny plaintiff attorney's fees while awarding $37 costs. Similarly, in *Gamlen Chemical Co. v. Dacar Chemical Products Co.*, 5 F.R.D. 215 (W.D.Pa.1946), the offer of judgment under Rule 68 did not refer to attorney's fees and consequently the court refused to allow the successful party, Gamlen, attorney's fees even though the general rule is to allow attorney's fees in copyright actions such as Gamlen's.

Finally, in *Greenwood v. Stevenson*, 88 F.R.D. 225 (D.R.I.1980), defendants' offer of judgment to plaintiff under Rule 68 included "accrued costs." The court refused to award plaintiff attorney's fees because the offer of judgment did not go beyond the legal meaning of costs and therefore did not include attorney's fees.

The treatises are in accord with the foregoing authorities. Thus 7 Moore's Federal Practice, ¶ 68.04 n. 4, cites with approval the *Cruz* case, *supra*, holding that an offer of judgment referring to costs—like McLaren's—does not include attorney's fees. The 1982–1983 supplement to volume 7, Moore's Federal Practice cites with approval Judge Shadur's ruling in the present case as well as the decision in *Greenwood v. Stevenson*, *supra* at 108 n. 4. Similarly, 12 Wright and Miller's Federal Practice and Procedure, § 3002, provides that if an offer of judgment under Rule 68 does not mention an attorney's fees, no fee can be given when

than he prevailed in the Offer of Judgment. Because he sold his home and moved out of state, he no longer had standing to seek declaratory or injunctive relief. Further, Pigeaud himself determined that he was "probably entitled only to token damages, not to exceed one dollar" (Pl.Br. at 11). Pigeaud's admission that under *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct.

1042, 55 L.Ed.2d 252, he suffered no actual injury cannot transform him into a prevailing party without a finding of liability.

**3.** He based his statement on the *Scheriff* case discussed *infra*. In any event, defendant Delta's offer of judgment included attorney's fees. 450 U.S. at 348–349 n. 2, 101 S.Ct. at 1148 n. 2.

the offer is accepted, citing with approval both *Cruz* and *Gamlen Chemical Co. supra.*[4]

Although plaintiff relies on *Scheriff v. Beck,* 452 F.Supp. 1254 (D.Colo.1978), the only attorney's fees permitted there were $6,454 to co-defendant Wright under 42 U.S.C. § 1988 because the jury had awarded him $500 on his counterclaim against plaintiff and plaintiff's unsuccessful claim against Wright was brought "in bad faith, unreasonably, and for vexatious reasons." 452 F.Supp. at 1258. While the *Scheriff* court stated that defendant Beck's offer of judgment served on plaintiff was invalid because it excluded attorney's fees statutorily recoverable in civil rights actions, the court nevertheless refused to allow the plaintiff (who had been held to be successful against defendant Beck) any attorney's fees because his litigation was "outrageous" and his fee and costs request was 40 times the amount of his own $500 recovery against Beck. Therefore the court held that there was "no entitlement to attorney fees independent from the award of costs under the civil rights fee statutes." 452 F.Supp. at 1259. The court added that plaintiff was not entitled to recover any attorney's fees as a prevailing plaintiff under the Civil Rights Acts because of the "special circumstances" rule stated in *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263.[5]

Judgment affirmed.

---

**4.** In the 1981 pocket part to 12 Wright and Miller's Federal Practice and Procedure, the following is stated at page 3, n. 12:

> Attorney's fee
> Failure of offer of judgment to include attorney fees accrued at time of offer was fatal, as this rule governing offers of judgment did not permit offeror to choose which accrued cost he was willing to pay. *Scheriff v. Beck,* D.C.Colo.1978, 452 F.Supp. 1254.

**5.** In *Newman,* the Supreme Court held that a prevailing plaintiff in a civil rights action should ordinarily recover his attorney fees under 42 U.S.C. § 1988 "unless special circumstances would render such an award unjust." In *Scheriff,* the special circumstances precluding the award of an attorney's fee to the plaintiff included plaintiff's "irrational, deliberate scheme to involve [defendant] Darrell Wright in some type of litigation." 452 F.Supp. at 1260.