Roy A. DAY, Plaintiff,

v.

AMOCO CHEMICALS CORPORATION, Defendant.

Civ. A. No. H–83–2953.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 23, 1984.

Roy A. Day, pro se.

Donald J. Horton, Chamberlain, Hrdlicka, White, Johnson & Williams, Houston, Tex., for defendant.

## AMENDED ORDER

CARL O. BUE, Jr., District Judge.

Pending before the Court is defendant's Motion to Amend Judgment To Award Attorney's Fees and Costs. After careful consideration of the law and memoranda of the parties, this Court is of the opinion that defendant's motion should be granted.

The cause of action was initially brought in state court and removed to federal court on May 5, 1983. Plaintiff was thereafter granted leave to proceed *in forma pauperis*. On May 7, 1984, this Court granted defendant's motion to dismiss with prejudice[1] on the ground that plaintiff's case

---

1. On October 10, 1984, plaintiff filed a Supplemental Trial Brief in Support of Plaintiff's Response In Opposition to Defendant's Motion to Amend Judgment to Award Attorney's Fees and Costs. In the brief, plaintiff argues that *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), is misplaced and not applicable in the instant case. Further, plaintiff alleges that the real issue concerns the definition of a malicious and frivolous claim within the meaning of 28 U.S.C. § 1915(d). However, in an award for attorney's fees, the Fifth Circuit has stated that the standard for governing the computation of attorney's fees is *Johnson*. *Graves v. Barnes*, 700 F.2d 220 (5th Cir.1983). The Court previously has determined that plaintiff's claim was frivolous and malicious within the meaning of 28 U.S.C. § 1915(d), and this Court's decision

remains. The issue before the Court is whether or not defendant should be awarded attorney's fees and costs, not what in the law constitutes a frivolous and malicious claim. Plaintiff's contention in the supplemental trial brief filed on October 10, 1984, is without merit.

Attached to plaintiff's supplemental brief is plaintiff's appellate brief to the Fifth Circuit. In order to clarify the history of the case, a chronological history of relevant points will be given. On May 7, 1984, plaintiff's cause of action was dismissed with prejudice. Subsequently, three post-dismissal motions were filed. These motions included Plaintiff's Motion to Correct Misstatement in the Record, Plaintiff's Motion to Disqualify Judge, and Plaintiff's Second Motion to Vacate Judgment. After due consideration

was frivolous and malicious within the meaning of 28 U.S.C. § 1915(d). Subsequently, defendant timely filed his Motion to Amend Judgment to Award Attorney's Fees and Costs pursuant to FED.R.CIV.P. 59(e). Final Judgment was entered thereafter on July 2, 1984.

In the motion before the Court, defendant contends that attorney's fees and costs should be assessed against plaintiff pursuant to the Court's inherent equitable powers, Rule 11 of the Federal Rules of Civil Procedure, and/or 28 U.S.C. § 1927.

### Equitable Doctrine

 Unless a statutory or contractual authorization exists, the "American Rule" dictates that the prevailing litigant is not entitled to attorney's fees from the loser. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Espino v. Besteiro,* 708 F.2d 1002 (5th Cir.1983). However, the Supreme Court has acknowledged the "inherent power" of the courts in awarding attorney's fees when the losing party has acted oppressively or in bad faith. *Alyeska,* 421 U.S. at 258–259, 95 S.Ct. at 1622. Therefore, an exception to the general rule exists when the opposing party has acted vexatiously "not only in actions that led to the lawsuit, but also in the conduct of the litigation." *Roadway Express Inc. v. Piper,* 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980) (citing *Hall v. Cole,* 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973)).

 The underlying purpose in assessing attorney's fees against the losing party is punitive. Moreover, the essential element necessary to activate that punitive rationale is bad faith. *Id.,* at 4–5, 93 S.Ct. at 1945–1946. The bad-faith exception is not without limitations, however. Case law indicates that an award of attorney's fees under the bad-faith exception can be imposed only in exceptional cases and for dominating reasons of justice. As a result, invocation of the bad-faith exception requires more than a showing of a frivolous claim. *Schmidt v. National Organization for Women,* 562 F.Supp. 210 (D.C.Fla. 1983). Plaintiff's claim was dismissed as being not only frivolous, but also malicious. Consequently, the additional ground of maliciousness in the dismissing of plaintiff's claim enables this Court to exercise its discretion in requiring plaintiff to assume defendant's attorney's fees in furtherance of substantial justice.

### Rule 11

Rule 11 of the Federal Rules of Civil Procedure was promulgated primarily as a deterrence against the filing of false claims by obligating the attorney or party signing the documents to certify, after reasonable inquiry, that the cause of action was well grounded. Since its inception, Rule 11 has provided for imposition of disciplinary sanctions. However, much confusion among the federal district courts occurred as to when sanctions should be imposed. As a result, the 1983 Amendments were enacted to build upon and expand the equitable doctrine discussed above. The amendments, therefore, indicate a trend toward curtailing spurious claims and enhancing judicial economy in litigating legitimate claims. The advisory committee noted,

> Greater attention by the district courts to pleading and motion abuses and the imposition of sanctions when appropriate, should discourage dilatory or abusive tactics and help streamline the litigation process by lessening frivolous claims or defenses. *See* 1983 Amendment, Advisory Committee Notes.

The rule applies to anyone who signs a pleading, motion, or other documentation in a lawsuit. Moreover, the standard is the same for unrepresented parties. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Although the

---

all three post-dismissal motions were denied. *Pro se* plaintiff has not been a stranger to the court system. Several other lawsuits have been filed in the Southern District of Texas. *See* Civil Action Numbers H–83–3491, H–83–5082, H–83–5108 and H–84–2677. In all but the latest cause, plaintiff has filed a motion to disqualify the judge.

Advisory Committee Notes to the 1983 amendments indicate that absence of legal counsel is an appropriate factor to be considered when imposing sanctions, "the court, however, retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case, with which it should be well acquainted." Further, the committee stated, "if the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either the attorney ... or an unrepresented party who signed the pleading, and the new rule so provides."

Rule 11, therefore, is a response to unfounded claims in an effort to end abuse of the judicial process. If the court were to tolerate the kind of conduct evidenced in this proceeding, the capability of the judicial system to serve the ends of justice would be greatly impaired.

### 28 U.S.C. § 1927

 Section 1927 provides for the imposition of attorney's fees where a suit is unreasonably instigated. The standard for awarding fees under this statute is vexatious multiplication of litigation. *Nilsen v. City of Moss Point, Mississippi*, 621 F.2d 117 (5th Cir.1980). *See also Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1292, n. 7 (5th Cir.1983); *Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789, 794 (7th Cir.1983). The second prong of the test requires subjective bad faith on the part of the attorney. *See McCandless v. Great Atlantic and Pacific Tea Co., Inc.*, 697 F.2d 198, 201 (7th Cir. 1983). Moreover, while lack of merit of the action is evidence of bad faith, the claim

must also lack a colorable basis in law to justify an award of fees. *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1269 (7th Cir.1983). In the present litigation, plaintiff's malicious act in filing his frivolous claim has caused defendant to incur an inordinate amount of legal fees. Through unqualified abuse of the judicial process, plaintiff has vexatiously multiplied litigation which was brought in bad faith.

The spirit of the rules should be enforced not only to spare parties the financial expense and waste of time in defending against frivolous allegations, but to prevent the exploitation of a judicial system already weighted to the breaking point with legitimate claims. The Court's valuable time should not be wasted on harrassing, annoying lawsuits such as the one filed by plaintiff. In an effort to deter such claims, sanctions should be imposed upon the instigator of the afflicting and disrupting action where the court finds that the judicial process is being exploited and abused. Therefore, this Court is of the opinion that plaintiff should pay attorney's fees to defendant. As a result of this determination, the Court will "explain the findings and reasons upon which the award is based, including an indication of how each of the twelve factors in *Johnson* affected [its] decision" in its computation. *Graves v. Barnes*, 700 F.2d 220 (5th Cir. 1983) (citing *Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 581 (5th Cir.1980) (*Copper Liquor II*)) (referring to *Johnson v. Georgia Highway Express, Inc.*,[2] 488 F.2d 714 (5th Cir.1974). "What we require is not a meaningless exercise in parroting and answering of *Johnson*'s twelve criteria, but some assurances that

---

**2.** The Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), listed the following 12 factors as bearing on the question of reasonable attorneys' fees:
 (1) the time and labor required;
 (2) the novelty and difficulty of the question;
 (3) the skill requisite to perform the legal task properly;
 (4) the preclusion of other employment by the attorney due to acceptance of the case;
 (5) the customary fee;
 (6) whether the fee is fixed or contingent;
 (7) time limitations imposed by the client or the circumstances;
 (8) the amount involved and the results obtained;
 (9) the experience, reputation, and ability of the attorney;
 (10) the "undesirability" of the case;
 (11) the nature and length of the professional relationship with the client; and
 (12) awards in similar cases.
488 F.2d at 717–19.

the Court has arrived at a just compensation based on appropriate standards." *Davis v. Fletcher,* 598 F.2d 469, 470–71 (5th Cir.1979). Although all twelve factors must be considered, the Court will pay "special heed to *Johnson* criteria numbers (1) the time and labor involved; (5) the customary fee; (8) the amount involved and the results obtained; and (9) the experience, reputation and ability of counsel." *Copper Liquor, supra,* at 583.

### (1) *The Time and Labor Required*

In determining the reasonableness of attorney's fees the necessary starting point is to assess the amount of time spent by counsel on the case. *Johnson v. Georgia Highway Express, supra,* at 717. In addition to the time-sheet affidavits submitted by counsel, the Court should weigh the hours claimed by counsel in light of the Court's own experience and observations and fashion a total time allowance which rationally reflects the services rendered. *Id.; McDonald v. Oliver,* 525 F.2d 1217, 1233 (5th Cir.), *cert. denied,* 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77 (1976). Moreover, investigation, clerical work, and other work which could be performed by a layperson should be distinguished from time expended by counsel directed toward the merits. *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161, 167 (3rd Cir.1973); *Foster v. Boise-Cascade, Inc.,* 420 F.Supp. 674 (S.D.Tex.1976), *aff'd,* 577 F.2d 335 (5th Cir.1978). In addition, counsel should indicate whether the person performing each task is a partner, associate, or paralegal. *Johnson v. Georgia Highway Express, supra,* at 718–719.

In support of defendant's motion pending before the Court, counsel has submitted an affidavit detailing the nature of the services rendered by him, including the amount of time spent on such services, and the date on which such services were performed. According to his affidavit, counsel seeks an award of fees based upon having spent over 471 hours defending this lawsuit.

The Court has no difficulty in concluding that the hours claimed by counsel

are reasonable and represent an efficient use of counsel's time in performing the task described in the detailed time records. Further, the Court is very familiar with the history of this case, the work performed by counsel on behalf of the defendant, and the work product resulting from the tasks described in the time records. However, since fee awards are, at bottom, an equitable matter, *Hall,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702, and a discretionary function of the trial court, *Mitchell v. M.D. Anderson Hospital,* 679 F.2d 88 (5th Cir. 1982), the Court should not hesitate to take the relative wealth of the parties into account. *See Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). After careful consideration of the mitigating factors, the Court will diminish the hours claimed by counsel to 100.

### (2) *Novelty and Difficulty of the Issues*

While the lawsuit filed by plaintiff did not present particularly novel or difficult issues, defendant nevertheless was required to spend an inordinate amount of time responding to the various documents and attempted legal issues raised by plaintiff. The responses were time consuming and of the utmost importance in order to defend the lawsuit. Accordingly, the Court will take this factor into consideration in awarding counsel attorney's fees.

### (3) *The Skill Requisite to Perform the Legal Services Properly*

The best method the Court can utilize in assessing the skill of defense counsel is its own observation of the attorney's work product and conduct before this Court. Further, the affidavit by counsel sets forth his expertise in the area of the law involved in this lawsuit. After careful consideration, the Court finds that counsel for defendant ably and skillfully performed the legal services involved in this litigation.

### (4) *The Preclusion of Other Employment by the Attorney due to Acceptance of the Case*

The court in *Johnson* set forth a two prong test for this factor: (1) preclusion of

other legal business because of conflicts of interest, and (2) preclusion from other work due to considerations of time. *Johnson v. Georgia Highway Express, supra.* The representation of defendants by counsel did not preclude counsel from engaging in other employment due to conflict of interest. However, counsel was required to expend over 471 hours in preparation of the defense. Obviously, counsel's time could have been spent on other projects rather than defending plaintiff's meritless claim. Accordingly, this factor will be considered by the Court in determining a reasonable fee to be awarded counsel.

### (5) *The Customary Fee*

The court in *Johnson v. Georgia Highway Express, Inc. supra,* declared that the district court should select an hourly rate which reflects the "customary fee for similar work in the community." *Id.* at 718. The court emphasized also that the hourly rate should be varied by the district court in accordance with the type of work being considered. *Id.* at 717. Accordingly, trial work should command a higher rate than pretrial work. *See, e.g., Barth v. Bayou Candy Co.,* 379 F.Supp. 1201 (E.D.La. 1974); *United States v. Gray,* 319 F.Supp. 871, 875 (D.R.I.1970).

A customary hourly fee in cases similar to the instant cause range from $100.00 to $160.00 per hour. After careful consideration of the customary legal fees charged in the Houston legal community, and since the work by defense counsel was pretrial in nature, the Court concludes that an hourly rate of $100.00 per hour is reasonable and should be the basis for an award of attorney's fees in this case.

### (6) *Whether the Fee is Fixed or Contingent*

Defendant, as a regular client, was customarily charged a fixed fee of $100.00 per hour for legal services.

### (7) *Time Limitation Imposed By The Client or the Circumstances*

The services rendered by counsel in the performance of the tasks described in counsel's affidavit were not performed under time constraints. Accordingly, the Court considers this factor irrelevant in determining the amount of the award.

### (8) *The Amount Involved and the Results Obtained*

Rule 11, 28 U.S.C. § 1927, and the equitable power of the court allows recovery of fees for bad-faith, frivolous claims. This Court dismissed a frivolous and malicious claim which clogged the court system, the filing of which caused defense counsel to expend numerous hours in preparation of its defense. The attorney's fee award will reflect the inordinate amount of time defense counsel spent in preparing his case, and deter plaintiff from filing similar frivolous claims.

### (9) *The Experience, Reputation, and Ability of the Attorneys*

The Court has presided over all phases of this case since its inception, and is thoroughly familiar with the litigation and the extent and quality of services rendered by counsel for defendant. Defense counsel is experienced in the area of labor law. As evidenced by the record and the benefits conferred on defendant, the Court finds that defendant has been ably served by its counsel who skillfully met the substantive and procedural challenges presented in this case. At all times, counsel displayed a professional level of expertise in the substantive areas. Accordingly, the Court places considerable emphasis on this factor in determining an award.

### (10) *The Undesirability of the Case*

The case was dismissed as being frivolous and malicious within the meaning of 28 U.S.C. § 1915(d). Accordingly, the Court will consider this factor in calculating the award of attorney's fees.

### (11) *The Nature and Length of the Professional Relationship with the Client*

Aside from his representation of defendant in the instant cause, defense counsel, for over a year, has maintained a working relationship with defendant on all labor matters.

### (12) *Awards in Similar Cases*

Once again, the Court finds that the amount to be awarded defendant's counsel is not unreasonable in comparison to the awards made in other cases which were determined frivolous. *See Lewis v. Brown & Root, Inc.*, 711 F.2d 1287 (5th Cir.1983).

### Award of Attorney's Fees

After taking all of the relevant factors into consideration, and affording the appropriate weight to factors (1), (5), (8), and (9), the Court finds that defendant's counsel is entitled to reasonable attorney's fees in the total amount of $10,000.00, as well as interest on that amount at the current rate of 11.36% per annum until this amount is paid.

### Costs

Attorney's fees usually are not among the costs the winning party may recover. *Roadway Express, supra.* *See also Coleman v. McLaren,* 92 F.R.D. 754 (D.C.Ill. 1981), *affirmed,* 699 F.2d 401 (7th Cir. 1983). Costs as embraced in 28 U.S.C. § 1927 are awarded as a result of an attorney's vexatious behavior and multiplication of proceedings. *Id.* However, a litigant proceeding *in forma pauperis* must recognize he is not immune from the consequences of pursuing a vexatious claim and the resulting taxable costs. *Chevrette v. Marks,* 558 F.Supp. 1133 (M.D.Pa.1983). Needless to say, a litigant who burdens his adversary with a frivolous claim invariably tends to escalate the already high cost of litigating a lawsuit. If the vexatious litigant loses his case, sanctions may be imposed requiring him to pay costs to the prevailing party. *See* FED.R.CIV.P. 54(d) and 11 (amend.1983). Since the costs would not have accrued but for the plaintiff's contumacious conduct in initiating and litigating this frivolous lawsuit, it seems quite fair to place the financial burden on the plaintiff.

The Court, after careful consideration of all relevant law, memoranda of the parties, and mitigating factors, is of the opinion that plaintiff should pay taxable costs.

Accordingly, it is ORDERED that defendant's Motion to Amend Judgment to Award Attorney's Fees and Costs is granted.