Todd G. FLETCHER and Michael Johnson, Plaintiffs–Appellants,

v.

CITY OF FORT WAYNE, INDIANA, et al., Defendants–Appellees.

Nos. 98–1969, 98–1970.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 4, 1998.

Decided Dec. 23, 1998.

Christopher C. Myers (argued), Myers & Geisleman, Fort Wayne, IN, for Todd G. Fletcher in No. 98–1969.

J. Timothy McCaulay (argued), Fort Wayne, IN, for J. Schilt, K. Niblick and City of Fort Wayne in No. 98–1969.

Christopher C. Myers (argued), Samuel L. Bolinger, Lori W. Jansen, Myers & Geisleman, Fort Wayne, IN, for Michael Johnson in No. 98–1970.

J. Timothy McCaulay (argued), Fort Wayne, IN, Gary Hamilton in No. 98–1970.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Consolidated appeals from two civil-rights cases present a common question: whether plaintiff's acceptance of an offer of judgment under Fed.R.Civ.P. 68 invariably establishes that the plaintiff is a "prevailing party" and therefore entitled to attorneys' fees under 42 U.S.C. §–1988. Relying on *Pigeaud v. McLaren*, 699 F.2d 401 (7th Cir.1983), and *Fisher v. Kelly*, 105 F.3d 350 (7th Cir.1997), the district court answered "no." Then the

judge concluded that the recoveries were such small fractions of plaintiffs' initial demands that neither had "prevailed"—that the offers were for the suits' nuisance value rather than a recognition of the claims' merit.

■ Each plaintiff contends that police used excessive force in arresting him. Fletcher filed his suit in February 1997 and in June demanded a minimum of $150,000 to settle the case. The next month defendants offered $5,000 plus costs under the terms of Rule 68; Fletcher took the offer. Johnson commenced his action in October 1997 and in December demanded $30,000 to resolve the claim, but when defendants offered $2,500 Johnson pocketed the money. Fletcher and Johnson then sought attorneys' fees, contending that they achieved "prevailing party" status under § 1988 by accepting the offers, just as if juries had made equivalent awards after trials. A plaintiff who recovers only nominal damages technically "prevails," see *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), but a judge has discretion to withhold fees when damages are tiny in relation to the claim. *Johnson v. Lafayette Fire Fighters Ass'n*, 51 F.3d 726, 731 (7th Cir.1995); *Cartwright v. Stamper*, 7 F.3d 106, 109 (7th Cir.1993). In other words, for trivial recoveries the only reasonable award of fees is zero. But a plaintiff with a small claim who achieves a complete recovery is entitled to fees, see *Hyde v. Small*, 123 F.3d 583 (7th Cir.1997), because civil rights laws entitle victims of petty violations to relief. The cumulative effect of minor transgressions is considerable, yet they would not be deterred if fees were unavailable. Plaintiffs say that this principle covers their claims, but the district judge disagreed. He treated an offer and acceptance of judgment as a settlement rather than as the equivalent of a jury verdict and observed that many cases are settled simply to save the costs of litigation. After concluding that these two claims had been settled for their nuisance value rather than because plaintiffs were likely to prevail on the merits—a conclusion fortified by the fact that Fletcher snapped up 3.3% of his demand, and Johnson took 8.3%—the judge declined to order defendants to pay the plaintiffs' legal expenses. 178 F.R.D. 502 (N.D.Ind.1998).

Plaintiffs do not seriously challenge the district judge's conclusion that $2,500 and $5,000 can be understood as nuisance-value payments. Each plaintiff claimed that his own legal fees, on the date of the Rule 68 offer, exceeded the amount the defendants named, so it is easy to see that defendants paid less than the value of the attorneys' fees they expected to incur themselves if the case proceeded. A compromise for less than the costs of defense is a good working definition of a nuisance-value settlement, unless as in *Hyde* the stakes of the case are themselves small. *Fisher* held that a $7,500 payment in settlement of an $80,000 claim was a nuisance-value resolution; here the payments were smaller yet Fletcher's claim was larger. Plaintiffs want us to treat their claims as small and the recoveries as full compensation for their injuries, but what basis would we have for doing this? In the district court Fletcher put a minimum value of $150,000 on his damages, and Johnson demanded $30,000. Now plaintiffs want us to dismiss this as puffery, but why should we reward them for this convenient change of position? Litigants doubtless make strategic offers, see Thomas J. Miceli, *Settlement Strategies*, 27 J. Legal Studies 473 (1998), but the prospect of rejection (followed by a loss on the merits) imposes some cost on unrealistic demands (though plaintiffs may get a benefit if defendants respond with an excessively high counteroffer). At all events, what option does a court have, short of a trial, other than comparing plaintiffs' initial demands with what they received in the end? This is exactly what the Supreme Court did in *Farrar*, and what we did in *Pigeaud* and *Fisher*. A plaintiff who reveals the extent of his injury, as in *Hyde*, and recovers in full receives a benefit compared with plaintiffs who bluff, which has the effect of encouraging candor and promoting settlement by enabling the parties to agree on the suit's true value—not a bad combination.

■ Thus plaintiffs are driven to the position that acceptance of a Rule 68 offer is not a "settlement" at all, but is equivalent to victory on the merits at trial. *Fisher* and *Pigeaud* hold that the acceptance of a Rule

68 offer produces a settlement, so we would have to overrule those cases in order to rule in plaintiffs' favor. Defendants in both *Fisher* and *Pigeaud* put disclaimers of liability in their Rule 68 offers; so did defendants in our case. Each offer contains the line: "This offer is not to be construed as an admission that the Defendants are liable in this action or that Plaintiff suffered any damages." Defendants think that these are magic words that preclude awards of attorneys' fees, but that can't be right. Plaintiffs who accept Rule 68 offers accept the *money*, not the defendants' self-serving characterizations. Suppose the parties to a civil-rights case negotiated a bilateral settlement under which the defendants paid $500,000. That the agreement contained the defendants' we-admit-nothing slug line would not prevent the plaintiffs from asking the court to treat them as prevailing parties. A sizable payment implies that it was the probability of success on the merits, rather than the defendants' desire to avoid paying their own attorneys, that produced the compromise—and it was established by cases such as *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), and *Hewitt v. Helms*, 482 U.S. 755, 760–61, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), that plaintiffs may "prevail" by settlement as well as by victory at trial. If defendants' disclaimer in a bilateral settlement agreement does not prevent the operation of § 1988, then a disclaimer in a unilateral offer does not do so either. Deeds, not words, control; and unless Rule 68 offers automatically make plaintiffs "prevailing parties" the important deed is that plaintiffs accepted a small fraction of their demands.

■ Our disapproval of defendants' magic-words position is as far as plaintiffs get, however. Nothing in Rule 68 supports plaintiffs' position that by accepting a Rule 68 offer they automatically become entitled to attorneys' fees. It provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

■ Not a peep about prevailing-party status or automatic attorneys' fees. Instead of relying on the rule's language, plaintiffs advance "policy" arguments that boil down to a belief that an offer of judgment is a pro-plaintiff device that ought to be made more lucrative to plaintiffs. That's not a plausible reading; the option to make an offer belongs to the defendant, which will do so only when the offer improves its position by flushing out and terminating weak claims. See Geoffrey P. Miller, *An Economic Analysis of Rule 68*, 15 J. Legal Studies 93 (1986); George L. Priest, *Regulating the Content and Volume of Litigation: An Economic Analysis*, 1 Sup. Ct. Econ. Rev. 163, 168–73 (1982). Cf. Tai-Yeong Chung, *Settlement of Litigation Under Rule 68: An Economic Analysis*, 25 J. Legal Studies 261 (1996). Judges should not undercut a rule by creating offsetting effects—though it is not clear that accepting plaintiffs' view really would affect anything. Instead of putting we-admit-nothing boilerplate in the offer, defendants would propose a sum "including costs and attorneys' fees." That kind of offer, proper under *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87

L.Ed.2d 1 (1985), would if accepted cut off the plaintiff's ability to seek an additional award. If defendants can avoid separately-stated fees this way, it is impossible to see how a court could accept plaintiffs' position.

At oral argument we asked counsel for the defendants why they put a useless we-admit-nothing line in the offer, rather than state that the $5,000 or $2,500 included attorneys' fees. One potential answer would have been that, for a fees-inclusive offer to be attractive to the plaintiff, it would have had to be higher. Defendants' offers left open a chance for plaintiffs to obtain fees, and therefore the offers' actuarial values exceeded their $5,000 and $2,500 nominal amounts. Defendants were gambling that the court would deny plaintiffs' requests. The cost of that gamble included not only the size of the fees the judge might award (multiplied by the probability that the judge would award any fees) but also the attorneys' fees the defendants anticipated in opposing plaintiffs' requests. These must have exceeded the $7,500 paid under the offers. So both defendants and plaintiffs would have been better off had defendants increased their Rule 68 offers and made them inclusive of attorneys' fees. Defendants' explanation for not doing this—that fee-inclusive offers complicate comparison of the offer to the plaintiff's recovery if the plaintiff rejects the offer, goes to trial, and wins (see *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981))—does not hold water. Apparently defendants are worried about cases in which the plaintiff rejects the offer, recovers damages less than the offer, and contends that the damages plus the attorneys' fees incurred by the date of the offer combine to exceed the offer, so that defendants continue to bear post-offer costs. How many cases like this could there be? It can't be more than a tiny subset of all claims. More to the point, when such a case comes up the defendant has available an argument based on *Farrar*: that the small recovery shows that the only "reasonable" amount of fees is zero. Making that argument would kick off the same sort of dispute, with the same costs of litigation, that we have experienced in these cases. But the difference is that a costs-inclusive offer leads to such sec-ondary litigation in a few cases, while the we-admit-nothing offer leads to this litigation in *every* case. By modeling their offer on the language of the offers in *Pigeaud* and *Fisher*, defendants produced the same outcome: expensive secondary litigation about whether the plaintiffs were "prevailing parties."

 Defendants' ability to devise an offer that makes both sides better off does not control the effect of the offer they actually made, however. All we need do to resolve today's cases is to hold, which we do, that a case resolved by acceptance of a Rule 68 offer has been settled. *Pigeaud* and *Fisher* remain the law of this circuit. The district judge did not abuse his discretion in concluding that these settlements reflected only nuisance value, so the plaintiffs were not entitled to attorneys' fees.

AFFIRMED.