In the
United States Court of Appeals
For the Seventh Circuit

Nos. 99-1975 and 99-2024

NICHOLAS C. JANNOTTA, individually and as
executor of the ESTATE OF VICTORIA A. JANNOTTA
and CARMEIN D. BLASUCCI, as the executor of
the ESTATE OF VICTORIA A. JANNOTTA,

Plaintiffs-Appellees/Cross-Appellants,

v.

SUBWAY SANDWICH SHOPS, INCORPORATED,
FREDERICK A. DELUCA, PETER H. BUCK, and
DOCTOR'S ASSOCIATES, INC.,

Defendants-Appellants/Cross-Appellees.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 94 C 3834--William T. Hart, Judge.

Argued April 20, 2000--Decided August 29, 2000

Before CUDAHY, MANION and ROVNER, Circuit Judges.

ROVNER, Circuit Judge.  Peter Buck, Frederick
DeLuca and Doctor's Associates, Inc. committed
gross fraud in their dealings with the
plaintiffs, and they do not dispute the jury
finding to that effect. After a retrial on the
issue of punitive damages, they contend that
because the jury penalized them a mere $100,000
for their conduct, the district court should have
found that the plaintiffs were not the prevailing
parties for the purpose of determining their
entitlement to attorneys' fees. We affirm the
district court's judgment that the plaintiffs
were contractually entitled to attorneys' fees as
prevailing parties in the litigation.

I.

        This is the second time this case has come to
us for review, and we will assume a familiarity
with the facts as presented in our earlier
opinion. See Jannotta v. Subway Sandwich Shops,
Inc., 125 F.3d 503 (7th Cir. 1997). We will
repeat only those facts necessary to an
understanding of the issues presented in this
appeal. Victoria Jannotta owned commercial

property that Subway wished to rent for one of its stores./1 Nicholas Jannotta, her son, conducted all of the negotiations with Subway. When Jannotta was informed that a franchisee would be the actual renter, he demanded that the parent company sign the lease. Jannotta also negotiated a revenue-sharing provision and a market area restriction that prevented Subway from opening competing stores in the immediate geographic area. The leasing agent assured Jannotta that the parent company would sign the lease, that the company had significant assets and personnel at its disposal, and that Subway would make good on any default by a franchisee. The agent failed to reveal that the only company with any assets was Doctor's Associates, Inc., and that DAI had set up a number of unfunded shell corporations to sign leases. The lease for Jannotta's property was signed by one of these shell corporations, and when Subway opened six other stores in the market area, the company took the position that it was not breaching the market restriction clause because other shell corporations had signed the leases for the competing stores. Subway also refused to pay the rent when the franchisee eventually defaulted.

The original jury found that Subway had breached the lease contract and had committed gross fraud in inducing Jannotta to sign the lease. The jury awarded Jannotta $328,993.99 in compensatory damages and $10,000,000 in punitive damages. The district court awarded attorneys' fees and costs to the plaintiffs in the amount of $196,325.88 pursuant to a clause in the lease providing attorneys' fees to the prevailing party. Subway asked the district court to enter judgment as a matter of law on the issue of punitive damages, to grant a new trial on that issue, or to reduce the amount of the award. The district court denied Subway's motion in its entirety, and Subway appealed. We vacated and remanded the punitive damages award because the district court had failed to instruct the jury on the issue of corporate complicity. We affirmed the judgment in all other respects. Under Illinois law, a jury may not award punitive damages against a corporation on a theory of respondeat superior. Instead, the plaintiff must show that the responsible employee was acting in a managerial capacity or that his acts were authorized or ratified by the corporation. See Jannotta, 125 F.3d at 513 (and cases cited therein). Under Illinois law, the failure to properly instruct the jury on this issue may not be deemed harmless error, and thus despite the overwhelming evidence of corporate complicity presented at trial, we were compelled to vacate and remand for a retrial on the issue of punitive damages. See Jannotta, 125 F.3d at 515-17.

The punitive damages issue was retried and the second jury, having been properly instructed on corporate complicity, also found that the defendants committed gross fraud in inducing Jannotta to sign the lease. The jury awarded punitive damages in the amount of $100,000./2 The court considered Jannotta's request for attorneys' fees under a provision of the lease and awarded $132,795.72 in attorneys' fees, expenses and district court costs. The court declined to award an additional amount for fees expended in defending against Subway's appeal on the issue of punitive damages. The court reasoned that Jannotta was not the prevailing party in that stage of the litigation, and therefore was not entitled to fees under a strict reading of the lease. Having been found guilty of gross fraud but not having to pay much for it, Subway appeals the district court's award of fees spent in litigating the punitive damages issue at the second trial. Jannotta cross appeals for fees expended in defending against Subway's first appeal, and also requests that we grant fees to the plaintiffs for defending against the present appeal.

II.

Subway contends that the fee recovery clause in the lease did not contemplate fees incurred in a trial solely resolving the issue of punitive damages. Alternatively, Subway argues that Jannotta's recovery was de minimis and thus did not justify an award of fees because the plaintiffs did not really prevail. Subway complains that the amount of the award was small in relation to the damages Jannotta sought, and that it was unjust to require Subway to subsidize the retrial when Subway had suggested a proper instruction regarding corporate complicity and the district court had rejected Subway's suggestion. In his cross-appeal, Jannotta argues that the district court erred in denying fees for defending against Subway's first appeal. Because Jannotta prevailed in the litigation overall, receiving in excess of $400,000 in compensatory and punitive damages, he maintains that the fee clause in the lease entitled him to fees for all aspects of the litigation, including those parts where he did not prevail.

A.

We begin by examining the paragraph of the lease giving rise to the attorneys' fees issue:

In the event of litigation between Lessor and Lessee relative to the rights, obligations and duties of either party under this lease,

attorneys' fees and costs shall be paid by the non-prevailing party.

R. 197, Ex. 1, at para. 40. Subway states that Illinois law requires courts to strictly construe fee shifting provisions, that the district court was not strict in its construction, and that a proper reading of the provision would not allow recovery of fees for work performed in a punitive damages retrial. Subway maintains that an action to recover punitive damages for gross fraud does not arise "under the lease," but rather arises from equitable principles. Moreover, Subway contends, an action for fraudulent inducement is not "relative to the rights, obligations and duties of either party under this lease."

Subway is correct that Illinois courts strictly construe contractual fee shifting provisions. See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp., 882 F.2d 221, 227 (7th Cir. 1989) (citing Wheeling Trust & Sav. Bank v. Citizens Nat'l Bank of Downers Grove, 491 N.E.2d 866, 870 (Ill. App. 2 Dist. 1986)). The question here is whether an action to recover punitive damages for gross fraud is an action relative to the rights, obligations and duties of either party under the lease. We agree with the district court that Subway provides an unnecessarily cramped reading of this phrase, and that a more natural reading encompasses Jannotta's second trial for punitive damages. "Relative to" is a broad phrase meaning "with regard to" or "in connection with." Webster's Ninth New Collegiate Dictionary. See also Wisconsin Winnebago Bus. Comm. v. Koberstein, 762 F.2d 613, 618 (7th Cir. 1985) (characterizing the phrase "relative to" in a statute as "broad language"). To require that the action arise under the lease is to render a nullity the words "relative to." An action for fraudulent inducement is certainly relative to the rights and obligations of the parties. After all, a party is under no obligation to comply with the terms of a fraudulently induced contract. Subway complains that the fraud had already been determined in the first trial, and that the second trial determined only whether the fraud was gross. Again, Subway ignores the broad language of the lease. The degree of fraud is certainly connected to the rights, duties and obligations of the parties to the lease. That is all that is required by the express language of the lease.

Subway's argument regarding the de minimis nature of the punitive damages recovery is even less persuasive. Subway contends that the district court abused its discretion in this case because the size of the award was small in comparison to the damages that Jannotta sought,

because the amount of the fees for the punitive damages trial exceeded the $100,000 award, and because Subway had suggested a correct instruction and was forced to a second trial only through the error of the district court. "[T]he decision to award costs and attorney fees pursuant to a contractual agreement lies within the sound discretion of the district court." Pennsylvania Truck, 882 F.2d at 227. True, when damages are tiny in relation to the claim, a court has the discretion to withhold fees entirely. Fletcher v. City of Fort Wayne, Ind., 162 F.3d 975, 976 (7th Cir. 1998), cert. denied, 526 U.S. 1136 (1999). "In other words, for trivial recoveries the only reasonable award of fees is zero." Id. Subway cites a number of cases in which plaintiffs who recovered only nominal damages were found not entitled to attorneys' fees even though they had technically prevailed in the litigation.

Subway faults the district court for not considering whether fees were appropriate at all given the "Pyrrhic" nature of Jannotta's recovery. We see no abuse of discretion here in the district court's analysis. There was no need for the court to consider whether the award was "nominal" when $100,000 is not nominal by any standard. Indeed, Subway brought this appeal in an effort to avoid paying only slightly more than that amount in attorneys' fees, and so the amount must not be so trifling to Subway as it would have this Court believe. Most of the cases involving nominal damages involve awards of $1. The district court did not make a separate finding on whether the amount was nominal because it is unreasonable to consider a $100,000 punitive damages award nominal in a case where compensatory damages were approximately three times that amount.

The fact that Jannotta sought a much greater amount than he recovered is relevant but does not require the district court to deny fees. See Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 641-42 (7th Cir. 1991); Tuf Racing Products, Inc. v. American Suzuki Motor Corp., 2000 WL 1022649, *5 (July 24, 2000). Likewise, that the amount of the fees slightly exceeded the amount of the award is relevant to the district court's exercise of discretion, but it is not determinative. See Fletcher, 162 F.3d at 976. We will reverse the district court's discretionary award only if no reasonable district court would have granted fees under these circumstances. There is no indication that Jannotta was anything other than a prevailing party who made a substantial recovery. Thus, Jannotta is contractually entitled to attorneys' fees. We affirm the district court's

grant of fees in favor of Jannotta on the punitive damages retrial.

B.

The district court's discretion goes both ways, and we find no abuse of discretion in the district court's denial of fees to Jannotta for the defense of the first appeal. The district court determined that Jannotta did not prevail in that appeal, and we are hard pressed to disagree. The first appeal resulted in the reversal of a $10,000,000 punitive damages award in Jannotta's favor based on a faulty jury instruction. See Grossinger Motorcorp. Inc. v. American Nat'l Bank and Trust Co., 607 N.E.2d 1337, 1348 (Ill. App. 1 Dist. 1992). Jannotta contends that the prevailing party cannot be determined until the litigation is concluded, and that he ultimately prevailed on every issue in the case, including numerous significant issues in the first appeal. That may well be true, but the district court was within its discretion in declining to award fees for the first appeal because Jannotta failed to prevail on the most significant issue on that appeal. See Raffel v. Medallion Kitchens of Minn., Inc., 139 F.3d 1142, 1146-47 (7th Cir. 1998). We thus affirm the district court's decision to deny Jannotta fees for the first appeal.

C.

Jannotta has prevailed in this appeal, however, and we are inclined to award fees for the work done in defending this appeal. A petition on entitlement to attorneys' fees for appellate work may be filed in either the district court or the court of appeals. Ekanem v. Health & Hospital Corp. of Marion County, Ind., 778 F.2d 1254, 1257 (7th Cir. 1985). Jannotta incurred $26,089.05 in defending this appeal, and provided a properly supported petition to this Court documenting those fees and costs. In response, Subway does not object to the amount of fees and costs claimed by Jannotta. Rather, Subway merely claims that Jannotta is not entitled to fees in this appeal for the same reasons Jannotta was not entitled to fees in the first appeal. Of course, Jannotta prevailed in this appeal in its entirety and we therefore award Jannotta $26,089.05 in fees for the defense of this appeal.

III.

In conclusion, we affirm the district court's award of fees to Jannotta for the prosecution of the second punitive damages trial, we affirm the district court's decision to deny fees to Jannotta for defense of the first appeal, and we

award Jannotta fees in the amount of $26,089.05 for the defense of the instant appeal.

AFFIRMED.

/1 We will refer to the defendants collectively as "Subway" and to the plaintiffs as "Jannotta" for the sake of clarity.

/2 The jury apportioned the award as follows: $25,000 against Frederick DeLuca, $25,000 against Peter Buck, and $50,000 against Doctor's Associates, Inc. Judgment was entered in favor of Subway Sandwich Shops, Inc. on the punitive damages claim.