In the
United States Court of Appeals
For the Seventh Circuit

Nos. 01-1953, 01-2396, 01-1936 & 01-2494

Delores Kitchen, Rose Carey, Sondra
Caple, Yvette Ruth, Theodora Alexander,
Marion Washington, Gayle Allen, Cheryl
Carter, Dorothy Tatem, Martha Baylor,
and Deborah Brown,

Plaintiffs-Appellees,
Cross-Appellants,

v.

TTX Company,

Defendant-Appellant,
Cross-Appellee.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 CV 5271--Wayne Andersen, Judge.

Argued February 14, 2002--Decided March 20, 2002


  Before Flaum, Chief Judge, and Bauer and
Evans, Circuit Judges.

  Flaum, Chief Judge.  The appellees
("plaintiffs") filed suit against the
appellant ("TTX") alleging employment
discrimination. After contentious
litigation, the plaintiffs accepted
separate Rule 68 offers of judgment to
settle their claims against TTX. The
parties, however, were unable to resolve
the amount of attorneys' fees and costs
to be awarded to plaintiffs' counsel. The
district court, after conducting several
days of hearings, awarded the plaintiffs
over $1.1 million in attorneys' fees and
costs. Pursuant to a second fee petition,
the plaintiffs were awarded an additional
sum of $70,005.50 in fees and costs. TTX
has filed the instant appeal contesting
the propriety of the district court's
award. For the reasons stated below, we
affirm in part and vacate and remand in
part the decisions of the district court.

I.  BACKGROUND

  In late 1997, three African-American
females filed suit against TTX
Corporation alleging race and sex

discrimination, retaliation and intentional infliction of emotional distress./1 The gravamen of the plaintiffs' complaint was that TTX employed discriminatory practices in the training and promotions of employees. On December 2, 1997, the plaintiffs filed an amended complaint joining eight additional African-American females to their action, bringing the total number of plaintiffs to eleven. As in the initial complaint, the claims concerned race and sex discrimination, retaliation, and the intentional infliction of emotional distress.

The majority of discovery in this matter was conducted between January and September of 1998. In October, TTX filed a motion for summary judgment against one of the plaintiffs, Yvette Ruth. This motion was granted in part and denied in part by the district court. In June of 1999, TTX filed summary judgment motions against the remaining ten plaintiffs. The district court never issued a ruling with respect to those motions.

In August of 1999, the plaintiffs submitted a settlement demand to TTX. The plaintiffs demanded a lump-sum payment of $4.7 million. The plaintiffs did not disclose how this amount would be divided and did not specify whether the settlement demand included attorneys' fees. TTX rejected this overture and countered with settlement offers for each of the individual plaintiffs. In addition, TTX provided that attorneys' fees paid pursuant to any settlement could not exceed $200,000. The plaintiffs rejected TTX's counteroffer and the case was scheduled for trial on May 21, 2000.

Approximately three months prior to the commencement of the trial, the plaintiffs made several different settlement demands to TTX. First, on February 3, 2000, the plaintiffs demanded a $1.75 million lump-sum settlement payment, as well as other non-monetary provisions (e.g., the bridging of pensions and the extension of COBRA benefits for certain plaintiffs). The plaintiffs did not specify whether the February 3rd offer included the payment of attorneys' fees. TTX rejected the plaintiffs' demand and responded with a counteroffer that stipulated, inter alia, that attorneys' fees paid pursuant to any settlement should be capped at

$400,000.

On February 9, 2000, the plaintiffs rejected TTX's counteroffer and responded with another settlement demand. In the February 9th demand, the plaintiffs requested a lump-sum payment of $1.4 million, the bridging of pension benefits and the extension of COBRA benefits for certain plaintiffs. The plaintiffs refused, however, to cap the attorneys' fees payable under any settlement. TTX again rejected the plaintiffs' demand.

On February 18, 2000, the plaintiffs once more presented TTX with a settlement demand. In this offer, the plaintiffs lowered their lump-sum settlement figure to $1.25 million, with similar pension bridging and extension of COBRA benefits for certain plaintiffs. The plaintiffs also sought $1.4 million in attorneys' fees and $81,000 in costs. TTX rejected the plaintiffs' last offer and instead, on March 2, 2000, presented separate Rule 68 offers of judgment to each of the eleven plaintiffs./2 The offers of judgment ranged from $20,000 to $160,000 in value, with the lump-sum amount coming to $610,000, including pension bridges and extensions of COBRA benefits. The plaintiffs accepted their respective offers of judgment. While their acceptance of TTX's offers of judgment terminated the plaintiffs' claims, the issue of attorneys' fees and costs remained unresolved.

Shortly after the acceptance of the various offers of judgment, the plaintiffs presented their petition for attorneys' fees and costs to the district court. In their petition, the plaintiffs requested over $1.3 million in fees and over $54,000 in costs. The district court scheduled and then conducted four days of hearings pursuant to the plaintiffs' petition. At the conclusion of these hearings, the district court made several determinations. First, the district court concluded that, although some of the plaintiffs had settled for less money than had been offered initially by TTX, all of the plaintiffs were substantially compensated and that the settlements they received were not for "nuisance value." After making this conclusion, the district court determined the hours reasonably expended by the plaintiffs' attorneys on the litigation and then

multiplied that figure by a reasonable hourly rate./3 In addition, the district court undertook an extensive examination of the costs incurred by the plaintiffs. After conducting these inquiries, thedistrict court concluded that plaintiffs were entitled to receive $1,096,412.60 in attorneys' fees and $51,357.66 in costs and expenses.

Subsequent to the district court's decision, the plaintiffs filed an additional petition to recoup the attorneys' fees and costs that were generated in preparation for the hearings on the first petition. The district court entered judgment against TTX in the amount of $70,005.50.

TTX now appeals the awards of fees and costs granted by the district court. According to TTX, the district court com mitted legal error in awarding the plaintiffs the abovementioned fees and costs and that the district court abused its discretion in determining the hourly rates to be paid to certain plaintiffs' counsel. The plaintiffs have also filed a cross-appeal contesting the lodestar rate determined by the district court.

II. DISCUSSION

Because an award of attorneys' fees "generally is fact based," we review such awards for abuse of discretion. Dunning v. Simmons Airlines, 62 F.3d 863, 872 (7th Cir. 1995).

A plaintiff who has accepted an offer of judgment presented by a defendant can, in certain circumstances, recoup his fees, if that plaintiff is a prevailing party and his recovery is not insubstantial. See, e.g., Fletcher v. City of Fort Wayne, 162 F.3d 975, 977 (7th Cir. 1998). In other words, a plaintiff who recovers a pittance (or whose relief amounts to a pittance) is not entitled to recover the entirety of his attorneys' fees merely because he was technically the victor in a particular cause of action. See Hensley v. Eckerhart, 461 U.S. 424 (1983).

In its appeal, TTX does not dispute that the plaintiffs were technically prevailing parties. See Fletcher, 162 F.3d at 976 ("[a] plaintiff who recovers minimal damages technically prevails . . . ."). Rather, TTX claims that the

district court's award of fees and costs, when viewed in tandem with the settlement received, unjustifiably compensates the plaintiffs' attorneys for a de minimis or nuisance value victory./4 We have reviewed the district court's determinations and cannot conclude that it abused its discretion in determining that the plaintiffs received substantial compensation for their claims and, therefore, were entitled to recoup reasonable attorneys' fees.

The district court conducted four days of hearings on the issue of attorneys' fees. During the course of these hearings, the district court allowed for ample testimony and briefing. After examining the value of the settlements received by the plaintiffs, the district court determined that they were more than nuisance value, in part, because "they were well above the costs of defense at the time they were made," and "the defendant included some anticipated risk of loss when setting the amount of the offers." Kitchen, et al. v. TTX Corp., 97 CV 5271, slip op. at 4 (N.D. Ill. January 16, 2001). Furthermore, the district court concluded that the "final offers of judgment made by TTX included substantial concessions by TTX" with respect to demands for plaintiff confidentiality and the cessation of other claims. Id.

This court has stated that a "compromise for less than the costs of defense is a good working definition of a nuisance-value settlement . . . ." Fletcher, 162 F.3d at 976. In light of the district court's finding that the offers extended by TTX exceeded the anticipated costs of defense (as well as its findings regarding other concessions made by TTX), we find that the district court did not abuse its discretion in determining that the plaintiffs had made a substantial recovery in accepting TTX's offers of judgment.

TTX also asserts that the district court abused its discretion in determining the hours reasonably expended by the plaintiffs' counsel and the lodestar rate with respect to attorneys Gregory Gorman and Catherine Caporusso. Similarly, the plaintiffs have filed a cross-appeal, disputing the lodestar rate set by the district court for attorneys Gorman and Caporusso. As with the district court's

findings on the success of the plaintiffs' claims, we do not find that the district court abused its discretion in its assessment of the hours expended by plaintiffs' counsel or in the calculation of the lodestar rate. With regard to the hours worked by plaintiffs' counsel, the district court engaged in a thorough examination of the time slips generated and the necessity of each task. Similarly, in calculating the lodestar for Mr. Gorman and Ms. Caporusso, the district court examined the experience level of each attorney and their comparative market values to determine the respective hourly rates of $240 and $185 per hour. See McNabola v. Chicago Transit Authority, 10 F.3d 501, 519 (7th Cir. 1993) (market rate or value is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question."). In light of the time and care that the district court took to make these findings, it is clear that it acted within the bounds of its discretion.

Lastly, the district court awarded several thousand dollars in costs and expenses to the plaintiffs./5 Upon reviewing the district court's opinions, as well as the record below, it is unclear whether the plaintiffs were awarded costs for work performed by unpaid interns working in the offices of plaintiffs' attorneys. We would consider it highly unusual for a district court to order a defendant to pay for work that was performed at no cost to a plaintiff or to his attorneys. Therefore, we vacate the district court's award of costs and remand this matter to this district court to determine the amount of costs that were generated by unpaid interns. If, on remand, the district court determines that such costs should be awarded, it should supply some reasoning justifying that conclusion.

III.  CONCLUSION

For the foregoing reasons, we Affirm in part and Remand in part the decisions of the district court.

FOOTNOTES

/1 One plaintiff, Sondra Caple, also asserted a claim for sexual harassment.

/2 An offer of judgment made pursuant to Federal Rule of Civil Procedure 68 allows a defendant in an action to make a settlement offer to a plaintiff and "if the judgment finally obtained by [the plaintiff] is not more favorable than the offer, the [plaintiff] must pay the costs incurred after the making of the offer." Fed.R. Civ.P. 68.

/3 The district court determined that the plaintiffs' attorneys, H. Candace Gorman, Gregory Gorman and Catherine Caporusso, should be compensated for 1560 hours, 1223.22, and 1712 hours of work respectively. The district court also determined that H. Candace Gorman was entitled to an hourly rate of $295, and that Gregory Gorman and Catherine Caporusso were entitled to hourly rates of $240 and $185 respectively.

/4 In the words of TTX, "[a] jackpot fee award for achieving only limited success is insupportable." Appellant's Br. at 31.

/5 On January 16, 2001, the district court awarded $51,357.60 in costs and expenses. On May 23, 2001, the district court awarded the plaintiffs $701.10 "in costs for copying, transcripts and a trial exhibit." Kitchen, et al. v. TTX Corp., 97 CV 5271, slip op. at 4 (N.D. Ill. May 23, 2001).